PETER DOOLEY vs. GRAHAM A. ROOT.

A sheriff is not liable for the services of a person employed by his deputy to keep property attached by the latter.

ACTION OF CONTRACT, brought to this court by appeal from a decision of the court of common pleas upon a demurrer to the declaration. The case is stated in the opinion.

J. N. Dunham, for the plaintiff.

J. C. Wolcott, for the defendant.

HOAR, J.   The plaintiff seeks to charge the defendant, the sheriff of the county of Berkshire, with an amount due to the plaintiff for services rendered to a deputy of the sheriff, in keeping property attached by the deputy.   The attachment of the property by the deputy was an official act, and he contracted with the plaintiff to serve as keeper.   But there is nothing in the relation of a sheriff to his deputy, which can make the sheriff answerable upon the contracts of his subordinate officer.   It is no part of the official duty of a deputy sheriff to make contracts with other persons to assist him in the discharge of his official duties.   If he makes such contracts, he makes them for his own convenience, and on his own responsibility.   The sheriff might as well be charged for the cost of a horse or carriage hired by his deputy for the purpose of serving a writ.   No authority has been cited in favor of such an action as the present, and we are not aware that any can be found.

The case of *Baker* v. *Fuller*, 21 Pick. 318, cited at the argument, in which it was held, that the sheriff might have an action against the keeper for property in his possession, does not support it.   The sheriff is responsible to the attaching creditor, and to the debtor, for property attached by his deputy, and thus has an interest in the property, which he may assert by a proper action.   But it does not follow that he is responsible for his deputy's contracts for the services of the person in whose hands the property is placed.

*Demurrer sustained, and judgment for the defendant*