# Dreisbach, Assignee, *versus* Mechanics' National Bank.

1. The lien of a writ of attachment issued under the Act of March 17th, 1869, P. L., 8, commences from the time the writ comes into the hands of the proper officer for service.

2. Failure on part of the officer serving a writ of attachment, under the Act of 1869, to take the property into his possession when the same is capable of manual seizure as required by the third section of said Act, does not affect the validity of the service of the writ.

3. As a defendant in an attachment under the Act of 1869 cannot allege the invalidity of the attachment because the money attached was left in his own possession, his voluntary assignee for the benefit of creditors to whom an assignment was made after the service of the attachment, is similarly and equally disabled.

March 3d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN and CLARK, JJ. STERRETT, J. absent.

ERROR to the Court of Common Pleas of *Carbon county:* Of January Term 1886, No. 389.

This case was commenced by a writ of attachment under

[Dreisbach v. Mechanics' Nat. Bank.]

the Act of March 17th, 1869, returnable June 11th, 1883, issued by the Mechanics' National Bank of Philadelphia, against the Miners Bank of Summit Hill, April 16th, 1883.

The sheriff executed the writ and made the following return.

"I, Charles W. Lentz, sheriff, do hereby return that I have served the within writ of attachment on the defendant therein named, to wit:

The Miners Bank, of Summit Hill, on the 17th of April, A. D. 1883, by attaching all the money, stocks, rights in action, evidence of debt, and all the other property of the said party, defendant, as within commanded, to wit: 1 bank counter and desk with wire attachments, 1 Hall's fire proof safe, 2 lamps, 1 writing-desk, 8 chairs, 1 stove and pipe, and all the moneys of said defendant in said Hall's fire. proof safe to wit: $1751.51, and also all the other stocks, rights in action, evidence of debt and all the other property of the within named defendant, and also the following described real estate, to wit: [Here follows the description of the real estate] and delivered to the said defendant a true and attested copy of said attachment with an inventory of the property and other things attached. The said writ of attachment was served on the defendant by reading the same to J. C. Rutter, president of said defendant, and J. W. Abbot, cashier of said defendant, and the copies of said attachment and said inventories were delivered to said J. C. Rutter, president, and J. W. Abbot, cashier of said defendant.

A week previous to the time of service the bank had suspended payment and closed its doors except to receive payment of debts due the bank. The officers, however, still occupied the banking house and continued to do so after this time. The sheriff did not open the safe, did not see any money, and took no possession of any of the personal property of the bank, and did not demand possession of anything, either keys or property, and the officers remained in possession as before, up to May 2d, 1883, when the appraisement was made by the assignee or at his request.

On the 26th of April, 1883, the Miners' Bank of Summit Hill made a voluntary assignment of all its property to J. M. Driesbach, for the benefit of its creditors. This assignment was recorded May 1st, 1883.

When the appraisement was made, the assignee received the cash in question in this suit, from the officers of the bank together with the other effects of the bank, and no demand was made upon him by the sheriff for this money until several months after that time and after the return day of his writ of attachment. The appraisement was made May 2d and 3d, 1883, and filed May 10th, 1883. The attachment was served

on the assignee June 5th, 1883, and returned by the sheriff as served on J. M. Dreisbach, without mentioning him as assignee. Upon this return a *scire facias* was issued against J. M. Dreisbach and J. M. Dreisbach, assignee, *et al.* to which Mr. Dreisbach pleaded " *nul tiel* record, *nulla bona*, with leave to give special matter in evidence." The jury was sworn as to J. M. Dreisbach, assignee, as garnishee, and on October 21st, 1885, they found as follows: " We find in favor of the plaintiff that there was in the safe of the Miners' Bank of Summit Hill, in the banking house of the bank the sum of seventeen hundred and fifty-one dollars and fifty-one cents, ($1751.51) in money belonging to the said Miners' Bank of Summit Hill, on the 17th day of April, A. D. 1883, when the sheriff served on the cashier of said bank the writ of attachment sued out of this Court to No. 10, June Term, 1883, at the suit of the Mechanics National Bank of Philadelphia, against the Miners' Bank of Summit Hill, and which money was taken possession of by J. M. Dreisbach, the garnishee in the present *scire facias*, on the second day of May, A. D., 1883, under and by virtue of a voluntary deed of assignment made by the said Miners' Bank of Summit Hill, to the said J. M. Dreisbach, for the benefit of the creditors of said Miners' Bank of Summit Hill, dated 26th day of April, 1883; and that the said J. M. Dreisbach, assignee as aforesaid, still has said money, and holds it under claim of said deed of assignment." Upon this finding the Court entered judgment for the plaintiff for the sum of $1751.51 and costs. Upon the trial of the case the defence of the assignee was that as the sheriff did not follow up his service of the writ of attachment by taking possession of the money he returns as attached, as required by the Act of 1869, before making return of his writ, the attachment was no lien upon said money, and a service of the attachment upon the assignee, after he has taken possession of the funds, would not bind the money in his hands.

The defendant presented the following points to the Court, DREHER, P. J.

1. As the attachment of the plaintiff was not followed up by the sheriff taking possession of the money, goods and effects of the defendant bank, and as the officers of the bank were allowed possession up to the time of the assignment to J. M. Dreisbach, assignee for the creditors, the said attachment is no lien on the money, goods and effects in his hands, and your verdict should be in his favor. Answer by the Court: negatived. (First assignment of error.)

2. That under all the law and evidence in the case your verdict should be in favor of the defendant. Answer by the Court: negatived. (Second assignment of error.)

[Dreisbach v. Mechanics' Nat. Baak.]

Upon entering judgment on the above verdict the defendant took this writ, assigning for error the answer of the Court to his points as above shown.

*Freyman* (*Kiefer* with him), for plaintiff in error.—It is the duty of the sheriff who executes a writ of attachment under the Act of 1869 and attaches property of the defendant, to take actual possession of the same whenever it is capable of manual seizure, or take a bond as required. This is essential to a legal execution of the writ: Act of 17th March, 1869, P. L., 8; Morgan v. Watmough, 5 Wh., 123; Penn. R. R. Co. v. Pennock, 1 P. F. S., 249; Wallaston v. Goodele, 8 Conn.,332.

An argument of the plaintiff below was that the money could be followed into the hands of the assignee, as he was a mere volunteer. This, we contend, is not the law of this case. A service of the attachment on the assignee and garnishee at the time the service was made in this case, could not bind any of the effects of the defendant bank in the hands of the assignee. If the plaintiff below could bind the effects of the defendant bank in the hands of the assignee by a service of the attachment upon him after the assignment, then any judgment creditor of a bankrupt, who had made an assignment for the benefit of his creditors, might obtain a preference by issuing an execution and levying on the goods of the defendant in the hands of the assignee. This cannot be done, and the law is well settled upon the subject. An assignment for the benefit of creditors passes a good title to the assignee and protects all property and effects of the assignor in the hands of the assignee from levy and sale upon execution by creditors: Heckman *et al. v.* Messinger, 13 Wr., 465.

*Edward Harvey*, for the creditors of the Miners' Bank, who claim the fund under the general assignment.—The mere issue of an attachment has no force as against the defendant's property, either in reference to his rights, or to those of third persons therein; nor has its lodgment in the hands of an officer; but its effect is to be dated from the time of its actual service: Drake on Attachments, § 221.

It does not answer for the officer, in such case, to return that he attached; he should return his doings, and leave the Court to determine whether they constituted an attachment: Drake on Attachments, § 205.

The correct form of return is: "I have seized and taken into my possession the property of the defendant:" Kneeland on Attachments, 495.

To constitute an attachment of goods, the officer must have

the actual possession and custody of them : Lane *v.* Jackson, 5 Mass., 157.

"They must not be left under the control of the debtor:" Per PARKER, C. J.   Train *v.* Wellington, 12 Mass., 497.

In executing the writ, the officer should act in conformity to the law under which he proceeds; for, if the service be illegal, no lien is created on the property : Drake on Attachments, § 194; Gardner *v.* Hart, 2 Richardson, 601.

The statute under which these proceedings was begun is in derogation of the common law, and for that reason is to be strictly construed : Esterly's Appeal, 54 Pa. St., 192.   In the following cases its provisions have been strictly pursued : Biddle *v.* Black, 99 Pa. St., 380; Bom *v.* Zimmerman, 8 Phil., 233; Moyer *v.* Kellogg, 1 W. N. C., 134; Bond *v.* Wheeler, Id., 282; Weldman *v.* Fisher, Id., 360; Teneyck *v.* Hoffman & Co., 2 W. N. C., 82; Chase *v.* Lennox, Id., 487.   The words "capable of manual seizure " are clear and easily understood. This form of service is made the "duty " of the officer, where the property, moneys, etc., are actually in the possession of the defendant.   The alternative method of service can only be followed when they are in the hands or possession of others "from whom it is due or owing, or whose duty it is to account for the same."   In Shriver *v.* Harbaugh, 37 Pa. St., 401, which arose under the Foreign Attachment Act, LOWRIE, C. J., says : "The statute plainly requires a seizure of the property, if it be susceptible of it, and within his reach, and the garnishee has a right to insist upon this as a part of the service of the writ."   And where this is not done, the learned justice, on page 402, says: "Surely, therefore, the garnishee cannot be treated as the sheriff's bailee of them."   In Maris *v.* Schermerhorn, 3 Wharton, 13, it was held that where the service was defective the garnishee might avail himself of it on the *scire facias.*   And in Duffee *v.* Records, 12 W. N. C., 287, the case was made to turn on due service and regularity of return. To constitute a proper service the officer is supposed to have the property in his immediate personal control : Titusville Iron Works' Appeal, 77 Pa. St., 107.

*J. Sergeant Price* and *Craig* (*Loose* with them), for defendant in error.—We contend that the sheriff properly attached the moneys in the Halls' safe, and that his return thereof is sufficient, and created a lien on all the property of the Miners' Bank, including this money.   The attachment was a lien upon the moneys in question from the time the writ was issued, and came into the hands of the sheriff for service.   This is evident from the Act of March 17th, 1869, itself, and it has been expressly so decided by this Court in the Philadelphia

National Bank v. Hilgert et al., 3 Pennypacker, 437, where it is held that—

"The lien of the attachment dates from the time the writ is issued, and comes in the hands of the proper officer for service, and not from the time of service on the garnishee."

Where the officer made a return that he had "levied" the writ on certain personal property. it was held that the term could only mean a legal levy which included a seizure of the property: Baldwin v. Conger, 9 Smedes & Marshall, 516; Drake on Attachments, § 205.

The levying of an attachment may be done without either handling the goods or taking them into possession, and the property fully bound by it, and be in the officer's power, and the owner's possession thereby divested: Paxton v. Steckel, 2 Barr, 93.

In Duffee v. Records, 12 W. N. C., 287, it was held that an attachment under the Act of March 17th, 1869, was duly served and regularly returned, and that the money was bound by the first attachment, although it was not taken in possession by the officer serving that attachment, but allowed to remain in the hands of the garnishee.

It is not necessary, to continue the lien of the execution, that the personal property levied on should be taken into actual possession. It is sufficient, if it be forthcoming to answer the exigencies of the writ: Dorrance's Adm'rs v. The Commonwealth, 1 Harris, 160.

The rule is, if goods be left in defendant's possession, even with plaintiff's permission, the lien is not lost, unless there be fraud : Keyser's Appeal, 1 Harris, 409.

It has been repeatedly held that personal property may be attached without the officer touching it: Drake on Attachments, § 244.

The assignee of the bank occupies no better position in the matter than did the bank. The bank surely could not complain that the money was left in its possession: Bullitt et al. v. Church, 2 Casey, 108; Morris's Appeal, 7 Norris, 368; Kent et al. Appeal, 6 Norris, 165; Felton's Estate, 1 P. F. S., 204.

The case of Conway v. Butcher, 8 Phil., R. 272, is very close to the case now under consideration. This was an attachment under the Act of 1869, and a voluntary assignment by the defendant after the service of the attachment. PAXSON, J., held that the Act of 1869 gives a lien upon the property attached, and that it cannot be taken away except in the manner indicated in the Act of Assembly; and that the defendant cannot avoid the lien by his own voluntary act, and that an assignment for the benefit of creditors is such voluntary act.

In Franklin Fire Insurance Co. v. West, 8 W. & S., 350, it

was held that an assignment made by the defendant after the service of a foreign attachment on the garnishee, was subject to all the liens created by the Act of Assembly, and this included debts due subsequently to the service of the writ.

The taking of .property out of the officer's custody by a wrong-doer will not defeat the attachment: Harriman *v.* Gray, 108 Mass., 299; Rhoads *v.* Woods, 41 Barb., 471.

Mr. Justice GREEN delivered the opinion of the Court, October 4th, 1886.

An examination of the sheriff's return in this case shows that he complied literally and specifically with all the requirements of the second section of the Act of 17th March, 1869, (Bright. Purd. 54 pl. 74) in serving the writ. The Act directs that the attachment " shall be served by the sheriff &c., by attaching so much of the money, stocks, rights in action, evidences of debt or other property of said party defendant not exempt by law from sale upon execution as will be sufficient to pay the debt demanded, with costs; and shall deliver to said defendant or defendants or one of them, a copy of said attachment with an inventory of the property or other thing attached, if said party defendant can be found within the county." The sheriff's return declares that he "served the within writ of attachment on the defendant therein named to wit, the Miners' Bank of Summit Hill on the 17th day of April, A. D. 1883, by attaching all the money, stocks, rights in action, evidences of debt and all other property of the said party defendant as within commanded, to wit: 1 bank counter and desk with wire attachments, 1 Hall's fire proof safe, 2 lamps, 1 writing desk, 8 chairs, 1 stove and pipe, and all the moneys of said defendant in said Hall's fire proof safe, to wit: $1751.51 " &c., &c., including real estate with a long description " and delivered to the said defendant a true and attested copy of said attachment with an inventory of the property and other things attached; this said writ of attachment was served on the defendant by reading the same to F. C. Rutter, president of said defendant, and F. W. Abbott cashier of said defendant, and the copies of the said attachment and the said inventories were delivered to said F. C. Rutter president, and F. W. Abbott cashier of said defendant." The second section of the Act is the only one which makes provision as to the manner and character of the service. By the third section it is made the duty of the officer serving the attachment to take the property into his possession when the same is capable of manual seizure. But the performance of this•duty is not made a requisite to the validity of the service. It is not a part of the service, and the second section in directing the

[Dreisbach v. Mechanics' Nat. Bank.]

manner of service enjoins no duty of taking possession. It was very earnestly argued for the plaintiff in error that because there was no actual taking possession of the property attached, the writ acquired no lien, and therefore the property passed to the assignee of the defendant bank, divested of any lien by reason of the attachment. We have, however, decided that the lien of the writ commences from the time the writ is issued and comes in the hands of the proper officer for service, and that to effect a valid service it is not necessary for the officer to take manual possession of the property attached, at the time of the service : National Bank v. Hilgert, 3 Pennypacker, 437 ; Jaffray's Appeal, 5 Out., 583.

In the latter of these cases, Mr. Justice GORDON in an exhaustive review of the subject showed that the service of a writ of foreign attachment was complete, and constituted a seizure of the goods when the officer complied with the terms of the Act by going to the store of the defendant and declaring in the presence of two credible persons that he attached the goods in the store, and made known the contents of the writ to the persons in possession.

In that case as in this, it was contended that because another section of the Act made it the duty of the officer to take possession of the goods attached, the service of the writ was invalid, and no lien was acquired. But our brother said, expressing the opinion of this Court, that this clause of the Act was only " declarative of the sheriff's responsibility with reference to the goods which the law, by virtue of the levy, has put into his possession or power." He adds " the error is found in the attempt to make that language directory which is purely descriptive and definitive. Where the property is of a particular character, that is, where it is of a kind which is susceptible of manual seizure, the sheriff must, at his own peril, so secure it that it may be forthcoming on the final disposition of the case. But how he is to secure it is not said except that, *inter alia*, he may for that purpose take the bond of the garnishee. All this however is no more than is the responsibility cast upon the sheriff as to goods seized upon a *fi. fa.*"

He also reviews the cases of Penn. R. R. Co. v. Pennock, 1 P. F. S., 244, and Morgan v. Watmough, 5 Wh., 127, cited and relied upon there as here, and shows them to be inapplicable for reasons as pertinent to the present case as to that. We see no material difference between that case and this. The duty of the sheriff is practically the same under each Act so far as the possession of the goods is concerned. Under the one, if they are capable of manual occupation he is bound to secure them to answer and abide the judgment of the Court. Under the other, it is his duty to take possession of them if

3 AMERMAN—36

[Dreisbach *v.* Mechanics' Nat. Bank.]

capable of manual seizure; the object in both cases being that the goods may be forthcoming when required. He is subjected to the same duty when levying upon goods under a *fi. fa.*, yet he may leave them in the possession of the defendant without impairing the lien of the writ. In Paxton *v.* Steckel, 2 Barr, 93, SARGEANT, J., said, "It is not necessary to constitute trespass by an officer who executes a writ of attachment on chattels, to prove any manual handling of the property, or taking them into possession. The levying of the attachment may be done without these Acts, and the property be fully bound by it, and be in the officer's power and possession, and the owner divested of the possession."

In Duffer *v.* Records, 12 W. N. C., 287, a sum of money belonging to the defendant was in the hands of the garnishee, and was attached under the Act of 17th March, 1869, but was left in the possession of the garnishee. We held the service to be good, and that the lien attached because of the service and return.

In addition to the foregoing considerations we can not regard the garnishee Dreisbach, as any other than the mere representative of the defendant bank of which he is the voluntary assignee, and clothed with no other or higher rights than were possessed by it. Such undoubtedly is the tenor of all the decisions. In Kent, Sauter & Co's. Appeal, 7 Norr. on page 167, PAXSON, J., said, "an assignee for creditors is not a purchaser. He is a mere volunteer. The assignee claims through the assignor. His rights rise no higher. The creditors claim through the assignee. They have his title, nothing more. "To the same effect are Norris' Appeal, 7 Norr., 368; Mellon's Appeal, 8 Cas., 121; Bullitt & Fairthorne *v.* The Church, 2 Cas., 108, and Fulton's Est., 1 P. F. S., 204. Inasmuch therefore as the defendant bank could not have alleged the invalidity of the attachment because the money attached was left in its own possession, its voluntary assignee for the benefit of creditors is similarly and equally disabled. The assignee was served as garnishee with the writ in this case before its return and is therefore as well bound by it as the defendant. The jury has found specially that this assignee had in his possession at the time of the trial the very sum of money, $1751.51, which was in the bank's safe when the attachment was issued and served, and that he took possession of it as assignee under the bank's deed of assignment to him dated May 2d, 1883. In these circumstances we see no reason why he is not equally bound with the bank for the return of the money under this attachment.

                                        Judgment affirmed.