# Munis, Appellant, *v.* Oliver.

*Sheriff—Deputy sheriff—Employment of watchman—Principal and agent—Ratification.*

A deputy sheriff has no power by virtue of his deputation to bind the sheriff for services of a watchman to watch goods attached under a foreign attachment, and the sheriff is not liable for the contracts of his deputy, though such contracts grow out of and are connected with his official duties, so long as they are not a part thereof. The deputy sheriff can bind his principal only as to those things necessary in the proper service of the writ.

The taking of the goods into the custody of the sheriff or leaving them in charge of a watchman is not a necessary part of the official duty of the sheriff in order to execute his attachment and hold the goods of the defendant.

The employment of a watchman by a deputy sheriff will not be deemed to have been ratified by the sheriff where it appears that the sheriff was not informed of the nature of the contract of employment, the rate of compensation of the watchman, and how long he had been at work.

Argued Nov. 17, 1903. Appeal, No. 30, Oct. T., 1903, by plaintiff, from judgment of C. P. Delaware Co., March T., 1901, No. 275, for defendant non obstante veredicto in case of Alexander Munis v. Edmund Oliver. Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for wages as watchman.

Verdict for plaintiff for $53.50 subject to question of law reserved.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Albert J. Williams*, with him *O. B. Dickinson* for appellant.

*W. Roger Fronefield*, for appellee.

OPINION BY MORRISON, J., December 19, 1903 :

The plaintiff sued the defendant before a justice of the peace on a claim of $200 for services alleged to have been ren-

dered in watching certain property seized by the sheriff through his deputy, Wolfe, by virtue of a writ of foreign attachment. If the plaintiff was employed at all it was by the deputy sheriff without the knowledge of the sheriff and without any special authority to so employ the plaintiff. There was a judgment before the magistrate for $200 and costs from which the defendant appealed. The trial in common pleas resulted in a verdict for the plaintiff for $53.50 subject to the point of law reserved whether there is any evidence submitted to the jury which entitles the plaintiff to recover. Afterwards on December 2, 1902, the court directed judgment in favor of defendant non obstante veredicto, and this is assigned for error. This record raises two important questions: 1. Has a deputy sheriff without special authority the power to hire a watchman of property seized under an execution or attachment and bind the sheriff for the payment of such watchman? 2. Was there sufficient evidence in this case to justify submitting to the jury the question of ratification of such contract or any part of it by the sheriff?

An examination of the testimony leads us to doubt whether there was sufficient evidence of any employment even by the deputy sheriff to justify the submission of the question to the jury. But the learned court having submitted this question and also the question of ratification to the jury we feel called upon to briefly notice the law bearing upon the subject. We are of opinion that in Pennsylvania a deputy sheriff, without special authority, has no power to bind the sheriff by a contract like the one alleged in this suit. The industry of the counsel for the plaintiff has not enabled him to furnish us with much law upon this question. He cites 5 Am. & Eng. Ency. of Law (1st ed.), p. 628, that " a deputy is regarded as a general agent of a sheriff. He is generally authorized by law to represent the sheriff in all the duties confided to the latter." But this only refers to the official duties of the sheriff, and it cannot be enlarged or construed to authorize a deputy to make a binding contract for the sheriff under facts like those under consideration. He also cites Ramsay v. Stroback, 52 Alabama, 513, as a case sustaining his position. But we do not regard that case as ruling this question in Pennsylvania. In it the court of appeals said: " By section 817 of the Revised Code, a sheriff

is required to have one deputy, and may have as many as he thinks proper. A full deputy sheriff as Boothe was, according to the evidence in this case, must in this state be considered a general agent for his principal. As such he must be presumed, when he seizes goods upon an attachment or execution, to have authority to provide for the safe-keeping of them by committing them to a bailee; and to engage such bailee, if the goods be live stock, to give them food, water and proper care." It will be noticed that the point in this decision is that under the Code of Alabama a full deputy sheriff is considered a general agent for his principal. We know of no such rule of law in Pennsylvania, and do not believe any such can be established by controlling authority.

We are of opinion that a deputy sheriff has no power, by virtue of his deputation, to bind the sheriff for services of a watchman, to watch goods attached under a foreign attachment, and that a sheriff is not liable for the contracts of his deputy, though such contracts grow out of and are connected with his official duties, so long as they are not a part thereof. The deputy sheriff can bind his principal only as to those things necessary in the proper service of the writ. It should be noticed that the property attached in the case under consideration was not live stock, and there was no special necessity for the employment of a watchman, nor was it necessary to employ a watchman in order to lawfully execute the writ of attachment. Many cases can be found in other states sustaining the view that we have above indicated. See Dyer v. Tilton, 71 Maine, 413; Tomlinson v. Wheeler, 1 Aikens (Vt.), 194; 9 Am. & Eng. Ency. of Law (2d. ed.), p. 392. In Krum v. King, 12 Cal. 412, the plaintiff was employed by a deputy sheriff to take charge of property attached by him and brought suit against the sheriff for his fees. TERRY, C. J., delivered the opinion of the appellate court and held, " The evidence was not sufficient to warrant the judgment. No special authority to make the contract is shown, and the mere fact of his being deputy sheriff did not authorize Stuart to bind his principal in this manner." Dooley v. Root, 79 Mass. 303, opinion by HOAR, J., is to the same effect. So also is Tobey v. Leonard, 15 Mass. 200. Another case is Dow v. Rowe, 58 N. H. 125, where it was held that " the statute makes the sheriff liable for the official conduct of his dep-

uties.    The official conduct, to which the statute refers, relates
to the personal acts of the deputy while in the discharge of his
official duty, and not to his contracts.    The attachment of the
property was the official act of the deputy, while the employ-
ment of the plaintiff as keeper was his personal contract.    There
is nothing in the relation of sheriff and deputy that can make
the sheriff liable on such contracts."    See Marshall v. Hosmer,
4 Mass. 60.    In Jaffray & Co.'s Appeal, 101 Pa. 583, it was
held that it was not necessary for the sheriff to take the goods
into his custody to execute his attachment so as to bind the
goods, that the levying and attachment may be done without
either handling the goods or taking them into possession, and the
property fully bound by it and be in the officer's power and the
owner's possession thereby divested.    In Dreisbach v. Mechan-
ic's Nat. Bank, 113 Pa. 554, it was held that, " Failure on the
part of the officer serving a writ of attachment, under the act of
1869, to take the property into his possession when the same is
capable of manual seizure, as required by the 3d section of said
act, does not affect the validity of the service of the writ."
These cases and others establish the principle that the taking of
attached goods into the custody of the sheriff, or leaving them
in charge of a watchman is not a necessary part of the official
duty of the sheriff in order to execute his attachment and hold
the goods of the defendant.    This being so it follows that a
deputy sheriff, without special authority, has no implied au-
thority to employ a watchman and make his principal liable for
his services.    The question of ratification remains to be con-
sidered.    Upon this we do not find sufficient evidence in the
record to bind the sheriff on the ground of ratification.    There is
no sufficient evidence that the defendant was fully informed of
the nature of the contract with Munis by Wolf, the deputy, if
there was a contract.    Nor was the sheriff informed of how long
he had been watching nor the rate of his compensation.    In short
the sheriff was not put in possession of the facts of the employ-
ment of the defendant sufficiently to justify a finding that he
ratified the unauthorized act of his deputy.    " The rule is well
settled that a full knowledge of all the material facts and cir-
cumstances attending the transaction is necessary to give va-
lidity to the ratification, and the party must know that he would
not be bound without such ratification : " Pittsburg and Steu-

benville Railroad Company v. Gazzam, 32 Pa. 340 ; Moore's Executors v. Patterson, 28 Pa. 505 ; Zoebisch v. Rauch et al., 133 Pa. 532.   In Thrall v. Wilson, 17 Pa. Superior Ct. 376, in an opinion by RICE, P. J., page 382, we said : " The general rule is, that ratification of an unauthorized act of an agent must, to be valid, be the voluntary act of the principal, he at the time of the supposed ratification being fully informed of all material facts and circumstances attending the unauthorized act." We hold that the evidence in this case falls short of binding the defendant for the payment of any part of the plaintiff's services on the ground of ratification. It does not appear that the defendant was fully informed of the facts in regard to the plaintiff's employment at any time before the services were rendered.

Upon all grounds we hold that the learned court did not err in entering judgment in favor of the defendant, and the assignment of error is dismissed and the judgment affirmed. .