## Miller, Appellant, *v.* Bruff.

*Sheriff—Deputy sheriff — Watchman's wages — Power to bind sheriff—Ratification.*

There is no implied authority vested in a deputy sheriff to bind the sheriff, except as to those things necessary to be done in the proper execution of process. The employment of a watchman to watch over property seized on a fi. fa. is not necessary to a lawful execution of a writ; and if the deputy employs such watchman without express authority from the sheriff, the latter will not be bound for the watchman's wages; nor in a suit against him for such wages will he be held liable on the ground that he has

ratified the act of his deputy, if it appears that the alleged act of ratification was not based upon a full knowledge of all the material facts and circumstances attending the transaction.

Argued May 4, 1916. Appeal, No. 128, April T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1915, No. 1251, on verdict for defendant in case of Charles F. Miller v. Judd H. Bruff. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit against the sheriff by a watchman to recover wages. Before EVANS, J.

At the trial plaintiff claimed that he had been employed by the sheriff's chief deputy to act as a watchman over goods levied upon under a fi. fa. The defendant claimed that plaintiff was employed by the plaintiff in the execution.

The plaintiff testified that after his employment he met the sheriff, and the latter said to him, "Well, you don't want to stay away from there too long, because them is bad people down there you have got to deal with. Q.—What did he advise you to do? A.—Not to stay away too long, that I had better get back."

The court submitted the case to the jury.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various instructions.

*Joseph D. Hern,* with him *R. P. Lewis,* for appellant.

*James E. Barnett,* of *Scandrett & Barnett,* with them *W. H. Dodds,* for appellee.

OPINION BY HENDERSON, J., July 18, 1916:

Two questions were presented to the jury in the charge of the court: (1) Did the defendant's chief deputy em-

ploy the plaintiff as watchman?   (2) Was it the custom of the office that the chief deputy employ the watchman on behalf of the sheriff, and had that practice gone on so long and so universally that the sheriff knew it or must have known it and by his silence ratified it?   The jury having found in favor of the defendant it is unnecessary to consider whether there was evidence which was sufficient to establish the custom alleged to have existed and which was relied on by the plaintiff.   It is not claimed that there was any express authority given to the chief deputy to employ the plaintiff nor does it appear that the chief deputy was appointed under the provisions of the Act of May 24, 1887, P. L. 185, providing for the appointment of a chief deputy, empowered to act in place of the sheriff in case of his absence or disability.   There is no implied authority vested in a deputy sheriff to bind the sheriff except as to those things necessary to be done in the proper execution of the process.   The employment of a watchman in the case of property seized on a fi. fa. is not necessary to a lawful execution of the writ.   It was the duty of the sheriff by himself or his deputy to levy on the property in obedience to the mandate of the court, but it was not necessary to take it into his possession to secure a lien of the writ: Paxton v. Steckel, 2 Pa. 93; Dreisbach v. Mechanics' National Bank, 113 Pa. 554.   As the plaintiff failed to show a special authority of the deputy sheriff and was unable to prove a custom of the office his case failed on its facts.   The authority of the deputy sheriff was considered in Munis v. Oliver, 24 Pa. Superior Ct. 64, and it was there held that he has no power by virtue of his deputation to bind the sheriff for services of a watchman to watch goods seized under a foreign attachment; and that the sheriff is not liable for the contracts of his deputy except for those things necessary in the proper service of the writ in his hands.   And the same principle applies in the case of a writ of fieri facias.   We do not wish to be understood as saying that the evidence of a custom of the office was

sufficient to support the plaintiff's case if found to exist by the jury but without that evidence there is nothing in the case to support the allegation of a contract.

Nor has the claim of ratification any better footing. The rule is well settled that a full knowledge of all the material facts and circumstances attending the transaction is necessary to give validity to the ratification and the party must know that he would not be bound without such ratification: Pittsburgh & Steubenville R. R. Co. v. Gazzam, 32 Pa. 340; Zoebisch v. Rauch, 133 Pa. 532; Thrall v. Wilson, 17 Pa. Superior Ct. 376. The evidence offered to establish a ratification is insufficient for that purpose.

The assignments of error are all overruled and the judgment affirmed.