## Freeman and wife *versus* Apple et al.

| 99 | 261 |
|---|---|
| d 24 SC ²452 |

1. The fact that a levy has been made by his predecessor in office constitutes no justification or excuse to a sheriff for enforcing such levy by advertising and selling a wife's property on an execution against her husband. Particularly is this the case, where the sheriff has received written notice of the wife's title.

2. Wherever a sheriff, disregarding a notice of title given to him, proceeds to advertise and sell the goods of a stranger to the execution, he so far invades the rights of the owner of such goods as to render himself liable to an action of trespass, and this, whether or not there has been a manual seizure or removal of the property by him.

3. Where a sheriff, disregarding a notice of title given to him, proceeds to advertise and sell the goods of a stranger to the execution, his return to the writ, that he has effected such sale, is conclusive upon him, and neither manual taking, occupation or removal is necessary to render him liable in trespass to the owner of the goods.

4. A sheriff levied upon and sold the goods of a wife, under an execution directed against her husband. In trespass against him by said wife, *Held*, that the fact that the articles were not removed by the purchaser, but were leased by him to the plaintiff's husband, constituted no defence.

November 24th 1881. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. MERCUR, J., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1881, No. 158.

Trespass, by J. J. Freeman and Pamelia Freeman, his wife, in right of said wife, against Andrew G. Apple, sheriff, and L. H. Long, deputy sheriff, for taking into execution and selling certain household goods, the property of said Pamelia, under a writ of fi. fa, issued upon a judgment obtained against said J. J. Freeman, her husband.

On the trial, before CHURCH, P. J., the following facts appeared:—In November 1878 F. W. Mitchell & Co. obtained a judgment against J. J. Freeman. A writ of fi. fa. was issued on said judgment, directed to one George P. Ryan, then sheriff of Crawford county. Ryan levied upon certain household prop-

[Freeman *v.* Apple.]

erty, which the evidence showed to be the property of Mrs. Freeman, having been given to her by her parents shortly after her marriage to Freeman in 1870. On January 6th 1879 Ryan's term of office as sheriff terminated. He was succeeded by defendant Apple. Apple deputed defendant Long to execute the writ of fi. fa. Long caused the property levied upon to be duly advertised as the property of Freeman, and on January 16th 1879 the same was exposed to sale. Mrs. Freeman gave notice at the sale in writing, and verbally, that the property belonged to her. It was nevertheless purchased by one S. Slocum, and the writ of fi. fa. was so returned by defendants. The property was not removed by Slocum after the sale, but was leased by him to J. J. Freeman, plaintiff's husband, at $10 a year, and so remained leased up to the time of bringing the present suit.

The plaintiffs requested the court to charge the jury, inter alia, " That if they find the property in question belonged to Mrs. Freeman at the time of the sheriff's sale, and that the sheriff sold the same to S. Slocum at said sale, and that said Slocum purchased said property on his own account and now owns the same, the sheriff is liable in trespass for the property sold by him." Refused.

" That if the jury find that the purchaser at sheriff's sale leased the property to the defendant in the execution and left the goods on the premises, this will not defeat the right of the plaintiffs to recover in this suit." Refused.

The court charged, inter alia, as follows:—" The right to the occupancy and enjoyment of this property has not been interferred with by the sheriff, and was not so interfered with at the time of bringing this suit, and your verdict will be for the defendants."

Verdict and judgment for the defendants. Plaintiffs thereupon took this writ of error, assigning for error, inter alia, the answers to plaintiffs' points and the portion of the charge above cited.

*W. R. Bole* (with whom were *Dorrance & Hallock*), for the plaintiffs in error.—Trespass against a sheriff is maintained by proof that he unlawfully exercised an authority over the chattels against the will, and to the exclusion of the owner, though there were no manual taking or removal when he took them under process of law and by virtue of his office : Paxton *v.* Steckel, 2 Barr 93 ; Miller *v.* Baker, 1 Metcalf 27 ; Gibbs *v.* Chase, 10 Mass. 128.

The return by the sheriff, that he has sold the property, is conclusive upon him, and manual touching, occupation or removal is not essential to render him liable : Paxton *v.* Steckel, 2 Barr 93.

[Freeman *v.* Apple.]

*H. L. Richmond, Jr.* and *John J. Henderson,* for the defendants in error.—The seizure of the property in question in this case was made by Geo. P. Ryan, who was sheriff at that time.

If any trespass was committed it was when Sheriff Ryan made the levy. The property was not actually taken by him, and no " forthcoming " bond was required.

A sale not having taken place before the expiration of his term of office, Sheriff Ryan delivered the writ to Andrew G. Apple, his successor. The property was not levied upon by Sheriff Apple nor taken into his custody.

It was not delivered to the purchasers by the defendants, but remained after the sale, as it was before, in the possession and control of the plaintiff.

There is no evidence that the plaintiff was in any way interfered with, in, or excluded from, the possession of her property by the defendants.

The sale gave the purchaser no title ; he never got the property. The plaintiff, therefore, has suffered no damage.

Mr. Justice STERRETT delivered the opinion of the court, January 2d 1882.

In taking the case from the jury, and directing a verdict for the defendants, the court below virtually ruled that the sheriff was not liable in trespass for advertising and selling the separate personal property of the beneficial plaintiff on an execution against her husband, after being duly notified, in writing, of her title thereto. It is contended there was error in this.

The uncontradicted testimony is, that the property which was the subject of the alleged trespass, was given to Mrs. Freeman by her parents, shortly after her marriage in 1870, and continued to be her separate property until it was advertised and sold by the defendant, Sheriff Apple, on the execution against her husband, in disregard of the notice that it was owned and claimed by her as a parental gift. If the case had been submitted to the jury it would have been impossible for them to have found otherwise, without disregarding the evidence. So clearly and conclusively were these facts proved that the learned judge, in his charge, assumed Mrs. Freeman's ownership of the property in question as an established fact ; but, notwithstanding all this, he refused to affirm plaintiff's first point and thereby instruct the jury that the sheriff was liable in trespass, if they believed the property belonged to her at the time of the sale, and was purchased by Mr. Slocum, on his own account, and is still owned by him. On the contrary, he withdrew the case from the jury by charging that " the right to the occupancy and enjoyment of the property has not been interfered with by

[Freeman *v.* Apple.]

the sheriff, nor was it so interfered with at the time of bringing this suit, and your verdict will be for the defendants." In this, we think, there was error. If the allegations of fact embodied in plaintiff's points had been found in their favor they would clearly have been entitled to a verdict; and, for present purposes, it must be assumed they would have been so found. As has already been suggested, there was no testimony on which a contrary finding, as to the main facts, could have been based. The fact that the levy was made by his predecessor in office furnished no justification or excuse to the sheriff for enforcing the levy by advertising and selling the wife's property on the execution against her husband, especially after having received written notice of her title; nor was the trespass in anywise condoned by the arrangement made with the purchaser, by which he permitted the property to remain in the possession of the plaintiffs in consideration of a certain rental for the use thereof. While it is true the maxim, caveat emptor, was applicable to the purchaser, and he took such title only as the defendant in the execution had in the property, it may have been both prudent and economical to recognize his title and make an amicable arrangement as to the retention and use of the property, rather than embark in a controversy that might have involved both inconvenience and expense. But, it is claimed that, inasmuch as there was no manual seizure or removal of the property by the sheriff, no trespass was committed. We cannot regard this position as tenable. There was, at least, a constructive seizure and delivery to the purchaser. By disregarding the notice of title that was given, and proceeding to advertise and sell the goods of a stranger to the execution, he unlawfully exercised an authority over them against the will of the owner, and so far invaded her right of property as to subject himself to an action of trespass: Paxton *v.* Steckel, 2 Barr 93, and cases there cited. In that case the court say, "It is not necessary, to constitute trespass by an officer who executes a writ of attachment on chattels, to prove any manual handling of the property, or taking them into possession. The levying of the attachment may be done without these acts and the property be fully bound by it. . . . . Trespass de bonis asportatis against a sheriff is maintained by proof that he unlawfully exercised an authority over the chattels, against the will and to the exclusion of the owner, though there was no manual taking or removal when he took them under process of law and by virtue of his office." In the case before us, the sheriff returned that after having given due and legal notice he did, on the 16th day of January 1879, sell the property, etc. According to the authorities, the return is conclusive upon him, and neither manual taking, occupation or removal was essential to render him

[Montague *v.* McDowell.]

liable to the beneficial plaintiff. The first and fourth assignments of error are therefore sustained.

It follows also from what has been said that the plaintiffs' second point should have been affirmed. The wife's right of action against the sheriff for illegally advertising and selling her property could not be defeated by the act of her husband in recognizing the right of the purchaser at sheriff's sale and agreeing to pay him a stipulated sum for the use of the property. It would be a novel doctrine indeed to hold that her right of action against the sheriff could be preserved only by permitting the purchaser to remove the property, and thus deprive her of household furniture, beds, bedding and other articles necessary to the comfort of herself and family. No such unreasonable technicality as that can be invoked for the protection of a wrongdoer.

Judgment reversed and a venire facias de novo awarded.