Statement of Facts.

given in the opinion referred to, there is nothing in either of the specifications of error, which are the same in both cases, that would warrant a reversal of the judgment.

Judgment affirmed.

134, 424
24 SC ²452

## ELLEN ROGERS v. S. C. McDOWELL.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued April 1, 1890—Decided April 29, 1890.

1. Where a married woman was the owner of a lot of ground, and a building was moved upon it which was purchased and paid for by her out of a stock of notions bought by her on credit for sale at county fairs, her right to property afterwards purchased with the proceeds of a sale of the building held good against her husband's creditors.

2. In an action of trespass by a wife against a sheriff, for selling her property under an execution against her husband, if the property is bought in at the sheriff's sale by some one for her, with her money, she can recover only the amount she paid; if not so bought in with her money, she is entitled to the value of the property.

Before Paxson, C. J., Sterrett, Williams, McCollum and Mitchell, JJ.

No. 230 January Term 1890, Sup. Ct.; court below, No. 115 May Term 1888, C. P.

On May 9, 1888, Ellen Rogers brought trespass against S. C. McDowell, sheriff, for selling a horse, cow, and harness, claimed to belong to her, under an execution against John Rogers, her husband. Issue.

At the trial on December 3, 1889, the plaintiff, to show title to the cow, testified that she bought groceries and notions on credit and sold them at county fairs; that she had title to a lot of ground, upon which was moved a small building she bought of one Snodgrass, paying him therefor with groceries; that the building was used for a while as a store-room by her husband, when she sold it to one Greenlee for $25; that out of this money she paid $24 to one Shellito, on account of the price of the cow, purchased from him in March, 1888, for $35, giving

### Statement of Facts.

her note for the balance, which remained unpaid. To show title to the horse, she testified that she bought a calf from Mrs. Atchison, for which she paid with her own labor; that the calf and $4 in money she exchanged for a cow; that, with the cow and $5 given her by her son, she obtained a horse from one Vaughan; that the Vaughan horse she traded for another with one Nevins, and the Nevins horse she traded for another with one Gifford. As to the harness, the plaintiff testified she had bought it for $10, money sent to her by her mother. It was shown that, at the sale of the harness by the sheriff, it was bid off for her by her son for twenty-five cents; that the son borrowed the twenty-five cents from a lady to pay to the sheriff, and the son repaid it to the lady by gathering water-lilies for her. The dates when the plaintiff acquired the several articles of property did not appear in the testimony printed.

The court instructed the jury, inter alia, that a title to the horse was not shown in the plaintiff, and answered certain points presented by the defendant as follows:

5. The earnings of a married woman, such as the plaintiff was, prior to the act of June 3, 1887, entitled the Married Person's Property act, belonged to her husband; and, on the testimony of the plaintiff, the horse and cow sued for were both the proceeds of her earnings prior to said act, were therefore liable to the execution in the hands of the sheriff, and the plaintiff cannot recover for these.

Answer: Affirmed, so far as relates to the horse; denied, so far as relates to the cow.[1]

6. Even if the horse had been the property of the plaintiff, the evidence shows that she bought the cow of William Shellito on credit, and fails to show that she bought it on the credit of her separate estate, and therefore she cannot recover for the sale of the cow.

Answer: Denied. [2]

7. If the jury find that the harness was bought in for the plaintiff for twenty-five cents, as she testified, and she is entitled to recover for it, the measure of damages is twenty-five cents.

Answer: We answer this point as follows: If the property was bought in by the plaintiff, or by some one for her with her money, she is only entitled to the amount she paid; if it was not so bought for her, she is entitled to the value of the property.[3]

Syllabus.

—The jury returned a verdict for the plaintiff for $65, of which $10 was afterwards remitted by the plaintiff, under the directions of the court, and judgment entered for the plaintiff for $55. The defendant thereupon took this appeal, assigning for error the answers to his points.[1] [2] [3]

Mr. *George W. Haskins* (with him Mr. *E. P. Gillispie* and Mr. *J. W. Smith*) for the appellant.

Counsel cited: Forsyth v. Palmer, 14 Pa. 96; McInroy v. Dyer, 47 Pa. 118.

Mr. *Pearson Church*, for the appellee, was not heard.

PER CURIAM:
—On the argument at Bar,

Judgment affirmed.

---

ESTATE OF ELIZA YOST, DECEASED.

APPEAL BY THE PROVIDENT, ETC. CO., GUARDIAN, FROM THE ORPHANS' COURT OF CHESTER COUNTY.

Argued February 12, 1890—Decided May 5, 1890.
[To be reported.]

1. When a testator gives to one, towards whom he does not stand in loco parentis, a legacy vested but payable at a future day, the question whether the legatee is entitled to interest accruing upon the legacy before the date fixed for payment, depends upon the testator's intent to be gathered from the whole will.

(a) A testatrix, giving to each of the children of another a legacy of a certain sum to be paid to them respectively on arriving at full age, the share of any dying without issue during minority to go to the survivors, directed a sale of all her property as soon as convenient after her decease, and bequeathed the residuum to a charity:

2. In such case, time having been annexed to the payment over to the legatees, and not to the gifts of the legacies, it was apparent that the testatrix intended that the legacies to the children should vest, and there was nothing in the will to prevent the immediate vesting of the same in the legatees.