## James F. Richards, Appellant, *v.* Jeremiah Miller and John Mengel.

*Sheriff's sale—Trespass—Sheriff's security—Judgment against sheriff as affecting surety.*

In a suit on an indemnity bond given to the sheriff, the obligor is bound by the judgment entered by a referee on a reference in a suit against the sheriff, in which reference he acquiesced, as to the questions there considered and passed upon.

*Estoppel—Trespass by sheriff—Acceptance of goods and bill of sale.*

In an action of trespass against the sheriff for a false sale where the purchaser was the sheriff's security, the acceptance of the goods sold and of a bill of sale estops the purchaser defendant from asserting that the goods themselves were not in fact sold.

Argued April 11, 1899. Appeal, No. 59, April T., 1899, by plaintiff, from order of C. P. No. 2, Allegheny Co., July T., 1898, No. 186, discharging rule to open judgment. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Rule to open judgment. Before the court in banc.

It appears from the record and evidence that a bond was given

by defendants Miller and Mengel to indemnify the plaintiff, sheriff of Allegheny county, against any damage he might sustain in executing certain writs of fieri facias against one Patsy Carr. The sheriff had levied on a saloon, with its furniture and fixtures, owned by Carr, for $462.46. Delp & Company notified the sheriff that certain fixtures in the saloon were their property. Other executions were subsequently issued against Carr. The plaintiff having received the bond sold the goods to Edwin S. Porter for $450. It is claimed by defendant that the sheriff by direction of his attorney advertised and sold only the interest of the defendant Carr in the saloon. The plaintiff claims, however, that he sold the saloon and its contents outright, and that he did not receive any direction to sell only the interest of the defendant in the execution. At the time of the sale the sheriff being in possession delivered to the purchaser a bill of sale of the goods and their possession and made return of the sale upon his writ. The suit against the sheriff was referred to a referee who found for the plaintiff and against the present plaintiff, Richards, for $450. Thereupon the defendants in the present suit filed a petition in this case and obtained a rule to show cause why the judgment should not be opened and the defendants allowed to defend. The court discharged the rule. Defendants appealed.

*Error assigned* was in discharging the rule to show cause why the judgment in this case should not be opened and defendants let into a defense.

*Levi Bird Duff*, for appellant.—If the defendants have shown, as we think they have, that only the interest of the defendants Carr and Lentz in the property was sold, then the sheriff was not guilty of trespass and there has been no breach of the bond : Dixon v. Sewing Machine Co., 128 Pa. 397.

Is the judgment in Delp & Co. v. Richards conclusive on the defendants ? As between Delp & Company and the defendants it is, but is it as between the sheriff and the defendants? This action is not between the same parties, nor is the issue the same. The issue in this case was not tried in that case. The question here is, Did the sheriff suffer damage by following the direction of Miller in the execution of the writ?

The rule undoubtedly is, that in an action between the in-

jured party and the indemnitor of the sheriff, the judgment against the sheriff is conclusive, but in an action by the sheriff against the indemnitor for reimbursement, the judgment is only prima facie evidence. It is so held in this state: Huzzard v. Nagle, 40 Pa. 178.

While a sheriff's return is a solemn admission, and conclusive against the officer and his privies, yet, when offered in the officer's favor, it is but prima facie evidence of its contents: Wharton on Law of Evidence, sec. 833.

The defendant's only remedy is to defend in this case. If compelled to pay here, he will have no recourse against the sheriff for a false return. He cannot attack this judgment in a collateral action: Weaver v. Adams, 132 Pa. 392.

*R. B. Petty,* for appellees.—The claimant, Delp, was entitled to his goods when he made his claim. The sheriff under Miller's direction refused to recognize the claim. Under Miller's direction he made sale of the property in the presence of Delp. Under Miller's direction he continued to hold possession of the property until the final sale and then delivered it to the purchaser. An absolute bill of sale was accepted by Miller's attorney for the property. Delp's right of action for the value of the property arises from the depriving him of the possession of the property, and the manner of sale could neither add to nor take away from his damages.

Trespass against the sheriff is maintained by proof that he unlawfully exercised an authority over the chattels against the law, and to the exclusion of the owner, though there was no manual taking or removal when he took them under process of law: Paxton v. Steckel, 2 Pa. 93; Welsh v. Bell, 32 Pa. 12.

The case of Dixon v. Sewing Machine Co., 128 Pa. 397, is quite a different case from the present. In that case the sheriff immediately upon receiving notice of the claim abandoned the levy previously made by him, and made a new levy on the interest of defendant only, and there was no interference with the possession. The sheriff never took possession of the property, and there was no delivery to the purchaser.

OPINION BY WILLIAM W. PORTER, J., July 28, 1899:

The defendant in this case is bound by the judgment entered by the referee in the former suit against the sheriff, as to the

questions there considered and passed upon.   He acquiesced in the submission of the case to reference.   He was called as a witness.   He and his counsel were present at many if not all of the meetings.   He filed exceptions to the referee's findings. · While not in name a party to the litigation he had certain rights of intervention.   These he exercised and is bound to the extent above indicated.

Had the present proceedings been on the bond and not to open a judgment on the bond entered by virtue of the warrant, the record of the judgment against the sheriff would have been proper evidence to show that the very thing had happened against the happening of which the bond was intended to be protection.   But such a record would not be conclusive against the indemnitor who may show that the amount of the recovery there had " was increased by reason of some fault of the sheriff for which the bond was not intended to secure him : " Huzzard v. Nagle, 40 Pa. 178.

While it is true that some testimony was taken before the referee tending to show that the sheriff was instructed to sell not the goods levied upon but only the interest of the judgment debtor therein, the referee does not base his judgment upon any consideration of this testimony.   He holds that the sheriff's return to his writs, showing that the goods themselves were sold, is conclusive upon him.

From this it will be seen that the question whether the goods or the judgment debtor's interest in them, were sold was not determined as a matter of fact.

The defendant in this case says that as between him and the sheriff this is still an open question and that the present application is the only means of raising it.   He contends that the sheriff sold the goods after having been instructed to sell only the interest, that the damage was thus done by the sheriff himself and that the bond does not protect him.·

If the testimony bore out this statement of fact there might be merit in the contention.   The evidence submitted, however, shows that the sheriff levied on the goods, and that title to them was claimed by a third party.   The sheriff then required the bond of indemnity.   On receiving it he sold the goods.   He did not as in Dixon v. White Sewing Machine Co., 128 Pa. 397, alter his levy and sell only the interest.

The goods were bought in by the present defendant,—the owner of the goods being present at the sale and the sheriff from the time of the levy until the sale being in possession. This gave a right to the owner of the goods to sue the sheriff in trespass: Welsh v. Bell, 32 Pa. 12 ; Paxton v. Steckel, 2 Pa. 93 ; Freeman v. Apple, 99 Pa. 261, and fixed a liability on the bond in suit.

Furthermore the terms of the sale were not complied with. The sheriff was directed to resell, not the goods as before but (as contended) only the judgment debtor's interest in them. This it is claimed was done. If done it was without notice to the owner of the goods. The successful bidder was again the present defendant or one in his interest. The sheriff remained in possession and subsequently delivered to the purchaser a bill of sale of the goods and their possession and made return of the sale of the goods upon his writ.

We are of opinion that the acceptance of the goods and of the bill of sale estops the defendant from asserting that the goods themselves were not in fact sold. The lower court has not on the facts presented, been shown to have so improperly exercised their discretionary power in refusing to open the judgment entered on the bond as to warrant a reversal of their order. The judgment is affirmed.