## Mansfield *v.* Bell, Appellant.

*Execution—Wrongful levy—Sale—Trespass—Evidence—Record.*

In an action of trespass to recover damages for an alleged wrongful seizure and sale of plaintiff's property, the plaintiff will not be permitted to show by the evidence of the constable, and without offering to produce the record, what goods were comprised in the levy and sold; and this is the case, although the plaintiff had previously given similar testimony, without objection on the part of the defendant.

*Execution—Wrongful sale—Husband and wife—Damages.*

Where a constable without manual seizure wrongfully sells the goods of a wife as the property of her husband, and the purchaser pays the amount of his bid, takes from the constable a bill of sale and leaves the goods upon the premises, and there is no agreement between the purchaser and either the husband or the wife, as to the purchase of the goods, or the use of them after the sale, the wife is entitled to recover the value of the goods at the time of the sale.

Argued Jan. 11, 1904. Appeal, No. 39, Jan. T., 1904, by defendant, from judgment of C. P. Monroe Co., Dec. T., 1901, No. 11, on verdict for plaintiff in case of Florinda Mansfield v. Edwin A. Bell and Caroline F. Bell, trading as E. A. Bell & Company and John M. Decker. Before RICE, P. J., SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass against constable for alleged wrongful sale of goods. Before ERDMAN, P. J.

The opinion of the Superior Court states the facts.

When John M. Becker was on the stand he was examined as follows :

" Q. Mr. Decker, during the year 1901 were you constable of the borough of Stroudsburg ? A. Yes, sir. Q. As such constable did you receive an execution from justice of the peace Harrison S. Drake, in favor of E. A. Bell & Company against Barnet Mansfield ? A. Yes, sir. Q. Do you remember what time in 1901 that was ? A. I think it was in July. I have a book I can refer to. Q. In pursuance of that execution did you go to the residence of Barnet Mansfield on Green street and levy on some household furniture ? "

Mr. Holmes : Objected to as an attempt to prove the contents of a record by parol testimony.

The Court : Objection overruled and bill sealed for the defendant. [1]

The court charged in part as follows :

[The law as we shall lay it down to you in this respect is that the measure of damages is the value of the property at the time of the sale. This value you will have to determine.] [4]

[The fact that the property remained in the same house in which it was at the time of the sale cannot affect the rights of Mrs. Mansfield to recover damages adequate to the value of the property, for, from the testimony, as it has been adduced here, the property remained there by an understanding that the property, as we remember it from the evidence, was purchased by James Kautz at the sale, by reason of an understanding he had with Barnet Mansfield, the husband of the plaintiff. The plaintiff has testified that she has had no understanding whatever with James Kautz in relation to the same, and it is therefore presumably there by the reason of the agreement which was made between James Kautz and Barnet Mansfield, the husband of the plaintiff.] [5]

[I would say also that, in addition to the value of the property, you would be entitled to award such amount as you think the plaintiff suffered by reason of the deprivation of the property from the time of the sale up to the present time.] [6]

Defendant presented these points :

6. The constable's sale of the goods in dispute as the property of Barnet Mansfield passed to the purchaser, James Kautz, no more than the interest of the said Barnet Mansfield therein and did not divest any right of property which the plaintiff may have had in such goods. *Answer :* We deny that proposition. [7]

8. It appearing from the undisputed evidence in the case that the property in dispute was never removed from the premises, nor taken from the plaintiff's possession at any time between the date of the levy and the date of bringing this suit, and that, down to the time of bringing this suit, the plaintiff's possession of said goods had never been disturbed (except so far as it had been constructively disturbed by said levy) and that the plaintiff has incurred no expense or liability in order to retain possession, she can recover in this action nothing but nominal damages. *Answer :* We have already instructed you in relation to the damages, and we deny this proposition. [8]

Verdict and judgment for plaintiff for $91.25. Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (4–8) above instructions, quoting them.

*F. B. Holmes*, for appellants.—The record was the only proper evidence of what was levied upon and sold : Kintzing v. McElrath, 5 Pa. 467 ; Mentz v. Hamman, 5 Whart. 150 ; McClelland v. Slingluff, 7 W. & S. 134 ; Braden's Est., 165 Pa. 184.

Plaintiff was entitled to only nominal damages : Watmough v. Francis, 7 Pa. 206 ; Dixon v. White Sewing Machine Co., 128 Pa. 397; Nagle v. Mullison, 34 Pa. 48 ; Forsyth v. Palmer, 14 Pa. 96 ; McInroy v. Dyer, 47 Pa. 118 ; Shearick v. Huber, 6 Binn. 2 ; Tarbox v. Hays, 6 Watts, 398 ; Ward v. Taylor, 1 Pa. 238 ; Richards v. Citizens' Nat. Gas Co., 130 Pa. 37.

*Stewart S. Shafer*, for appellee, cited : Freeman v. Apple, 99 Pa. 261 ; Rogers v. McDowell, 134 Pa. 424.

OPINION BY RICE, P. J., March 14, 1904 :

This was an action of trespass for the wrongful seizure and

sale of the plaintiff's personal property, alleged in her state-
ment of claim to have been made by virtue of an execution
issued upon a judgment in favor of E. A. Bell & Company
against her husband entered upon the docket of a justice of the
peace.   The defendants were the constable who executed the
writ and the persons composing the firm of E. A. Bell & Com-
pany.   The plaintiff, having testified without objection to the
fact of the levy and sale by the constable, despite notice  of
her ownership and warning not to sell the goods for her hus-
band's debt, and having admitted that there was no manual
seizure of her goods or disturbance of her actual possession, her
counsel then called the constable and interrogated him as to
whether in pursuance  of an execution issued by a justice of
the peace in favor of Bell & Company against Barnet Mansfield,
the plaintiff's husband, he went to the house of Barnet Mans-
field and levied on household goods, and asked him to state in
detail what goods were comprised in the levy and sold.   Ob-
jection was made that this was an attempt to prove the contents
of a record by parol testimony and was not the best evidence.
The overruling of the objection to this testimony is the subject
of the first three assignments of error.

   The fact that the witness was the constable who executed
the writ and was one of the defendants in the action did not
relieve the plaintiff from the duty to produce the best evidence
of the facts alleged in her declaration ; especially not as against
the other defendants in the action.   As against them, the best
evidence that the levy and sale were made pursuant to an
execution issued by them was the writ itself.   We cannot say
that, if that had been produced and offered in evidence, the
admission of the testimony under consideration would have been
error.   It might have been admissible for some purposes, as
for example to show that the goods described in the plaintiff's
declaration were within the view and power of the officer at
the time the levy was made, and were the very goods levied
upon and sold, and perhaps for other purposes.   But standing
by itself, and being unaccompanied by an offer to produce and
put in evidence the writ and return thereto, the evidence was
not only insufficient to establish the fact which lay at the
foundation of the plaintiff's case, but was incompetent, unless
production of the primary, documentary and record evidence

of those facts was waived, or such evidence had been lost or destroyed. But such waiver cannot be implied from the fact that no objection was made when the plaintiff was on the stand and gave similar testimony. The defendants did not hold the objection in reserve until it was too late for the plaintiff to meet it. In view of the course of the trial, both before and after, the objection seems somewhat technical but we cannot say that it was not well taken.

It appears that the purchaser never removed the goods; but it does not appear that he ever disclaimed the right to do so. He simply paid the amount of his bid, took from the constable a bill of sale of the goods and left them on the premises. From this fact and the fact that there was no manual seizure of the goods by the constable it is argued that the plaintiff could recover only nominal damages : first, because her right of property in the goods was not divested by the sale: second, because her possession of the goods had not been actually, but only constructively, disturbed. "It is not necessary to constitute trespass by an officer who executes a writ of attachment on chattels, to prove any manual handling of the property, or taking them into possession. The levying of the attachment may be done without these acts, and the property be fully bound by it. . . . Trespass de bonis asportatis against a sheriff is maintained by proof that he unlawfully exercised an authority over the chattels against the will, and to the exclusion of the owner, though there was no manual taking or removal when he took them under process of law, and by virtue of his office : " Paxton v. Steckel, 2 Pa. 93. Counsel for appellants cite Watmough v. Francis, 7 Pa. 206, as authority for the proposition that if the goods are levied on and afterward delivered to the owner without further proceeding, the damages would be nominal; but in the same connection the court said in that case: "But if not only seized, but sold, it is a continuation and aggravation of a trespass already committed, for which the measure of damages would be the value of the goods."

When the defendants put the plaintiff in a position where she would be compelled either to surrender the goods to the purchaser on demand, or to litigate with him the question of her ownership, her right of action was complete. It does not lie in their mouths to say, certainly not as the case is now pre-

sented, that her only remedy was to fight that question out with the purchaser, or that her right to recover more than nominal damages was in abeyance until such litigation had not only been instituted but had been carried on to a conclusion. If the goods had been bought in for her for an underprice, or if she had redeemed them by paying a sum less than their value, the measure of damages would have been, in the first instance, what was paid, and in the second instance, what it cost her to redeem them: Forsyth v. Palmer, 14 Pa. 96; McInroy v. Dyer, 47 Pa. 118; Rogers v. McDowell, 134 Pa. 424. The distinction between such a case and the present is pointed out in Forsyth v. Palmer, where in concluding his opinion Chief Justice GIBSON said: "But was the plaintiff bound to redeem his goods with cash diverted from his business? Certainly not. But he did redeem them and he is entitled only to the sum advanced by him, with interest." In Freeman v. Apple, 99 Pa. 261, it was held that a sheriff was liable in trespass for advertising and selling personal property of a married woman upon an execution against her husband, under which a levy had been made by his predecessor in office, and this, too, notwithstanding the fact that the property was not removed by the purchaser after the sale but was leased by him to the plaintiff's husband at a stipulated yearly rental. We have examined all the authorities cited by the appellants' counsel and do not find that any of them sustain their position that under the facts of this case the plaintiff could recover only nominal damages. We may well conclude the discussion of the questions raised by the fourth and eighth assignments of error with the following pertinent quotation from the opinion of Justice STERRETT in Freeman v. Apple, supra: " The wife's right of action against the sheriff for illegally advertising and selling her property could not be defeated by the act of her husband in recognizing the right of the purchaser at sheriff's sale and agreeing to pay him a stipulated sum for the use of the property. It would be a novel doctrine indeed to hold that her right of action against the sheriff could be preserved only by permitting the purchaser to remove the property, and thus deprive her of household furniture, beds, bedding and other articles necessary to the comfort of herself and family. No such unreasonable technicality as that can be invoked for the

protection of a wrongdoer." These assignments are over-ruled.

The decision in Dixon v. White Sewing Machine Co., 128 Pa. 397, that if goods levied upon be claimed by a stranger, the sheriff may either abandon the levy or restrict it to defendant's interest, and may correspondingly alter his levy, cannot be invoked here, because there is no evidence that the constable thus changed and restricted his levy to a conditional or reversionary interest of Barnet Mansfield. It was not asserted on the trial that he had such an interest. What was claimed was that he owned the goods. The goods and not some especial interest of Barnet Mansfield in them constituted the subject of the levy and sale. Therefore the point quoted in the seventh assignment was inapplicable and there was no error in refusing it.

The court instructed the jury that the measure of damages, in case they found for the plaintiff, was the value of the property at the time of the sale. If the instructions upon that point had ended there, there would have been nothing in the charge or in the answers to the points of which the defendants could justly complain; but the learned judge later in his charge said that in addition to the value of the goods, the jury might award such amount as they thought " plaintiff suffered by reason of the deprivation of the property from the time of the sale." It is to be noticed that the court did not confine the jury to an allowance of interest on the value of the goods; also, that there is no evidence whatever that the plaintiff had been deprived of the use and enjoyment of the property, or that she had made herself liable to compensate the purchaser therefor. It would seem that the instruction was based on a misapprehension by the learned judge of the effect of the testimony of James Kautz, the purchaser. This is shown by the excerpt from the charge quoted in the fifth assignment, in which he says that presumably the goods were left on the premises " by reason of the agreement which was made between James Kautz and Barnet Mansfield, the husband of the plaintiff." The only testimony bearing upon the proposition suggested by these instructions is that of Mr. Kautz, as follows: " Q. Did you ever do anything to disturb the possession of the plaintiff, Florinda Mansfield? A. No, sir. 'Q. Did she come to you and

ask you to come over and buy those in at the sale? A. No, sir. Q. Who did? A. Mr. Mansfield. Q. Barnet Mansfield? A. Yes, sir." This testimony fails to show an agreement on the part of the witness to buy the goods in for the plaintiff's husband or to transfer the custody of them to him. Therefore the fifth and sixth assignments are sustained. There was no error in striking out the testimony of E. A. Bell quoted in the ninth assignment.

Judgment reversed and a venire facias de novo awarded.